IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DANNY R. FISHER, *et al.*, )
)
Plaintiffs, )
)
v. ) Civil Action No. 3:11CV202–HEH
)
CHASE HOME FINANCE, LLC, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION
**(Granting-in-Part Defendants' Motion to Dismiss; Remanding to the State Court)**

This is a *pro se* action to quiet title and to obtain specific performance and damages for an alleged breach of contract. It is presently before the Court on a Motion to Dismiss pursuant to Rule 12(b)(6) filed by Professional Foreclosure Corporation of Virginia ("PFC"), Shapiro & Burson, LLP ("Shapiro & Burson"), and Dawn Brown ("Brown") (all collectively, "the Moving Defendants"). The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. For the reasons stated below, the Moving Defendants' Motion will be granted in part, and the case will be remanded to the state court.

I.

On August 31, 2006, in order to obtain a mortgage loan in the amount of $401,000 plus interest, Danny R. Fisher and Jane L. Fisher ("Plaintiffs") executed a Promissory Note ("the Note") payable to Virginia Community Bank ("VCB"). The Note was secured

by a Deed of Trust which named G. Andrew Nea ("Nea") and Ronald S. Spicer ("Spicer") as trustees for the benefit of Mortgage Electronic Registration Systems, Inc. ("MERS"). The Note was subsequently transferred to SunTrust Mortgage, Inc., who endorsed the Note in blank. PFC currently holds the Note for the benefit of Chase Home Finance, LLC ("Chase").

On May 15, 2009, Plaintiffs sent a letter entitled "Notice of Right to Cancel" ("the Notice") to Chase, VCB, Nea, Spicer, MERS, and James W. Hildrup, PLC. In the Notice, Plaintiffs acknowledged that borrowers generally have a three-day right to rescind under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, but further stated that "[i]f the required full Disclosure(s) have not been provided, then the period in which to Cancel is extended for up to three (3) years . . . ." (Pl.'s Compl. Ex. D, at 2.) Plaintiffs asserted that "Lender has never provided Borrower with true, complete, accurate, or timely documents as required" by TILA, and thus Plaintiffs were entitled to the extended rescission period. (*Id.* (emphasis in original)) Accordingly, Plaintiffs offered to "forgive [VCB and Chase] any liability incurred by its [sic] wrongful actions," provided that they "forgive [Plaintiffs] the full amount of [the] mortgage/credit." (*Id.* at 3.) Plaintiffs also demanded payment of $150,000 for "any loss, damage, and injury" they had sustained. (*Id.*)

Plaintiffs closed the Notice with the following warning: "Any default, failures, or non-compliance on the Lender's part to perform as herein directed within twenty (20) days of receipt shall constitute this Notice of Right to Cancel as valid and fully agreed/accepted pursuant to the terms and conditions as set forth herein and throughout."

2

(*Id.*) Plaintiffs allegedly "received no response, rebuttal, renouncement or modification" from the aforementioned recipients. (Pl.'s Compl. ¶ 62.)

On or about November 9, 2009, however, Plaintiffs allegedly received "from [a] Debt Collector representing Chase" a "Notice of Default and disclosure of Debt Collector/Servicer initiating foreclosure action." (*Id.* at ¶ 18.) Plaintiffs requested verification of the debt, which Shapiro & Burson provided on or about December 1, 2009. On January 7, 2010, Defendants allegedly "progressed the foreclosure action on Plaintiff[']s property[] by recording" in the Clerk's Office of the Spotsylvania County Circuit Court two Land Record Instruments prepared by Shapiro & Burson—(1) an assignment from MERS to Chase, executed by Brown, and (2) an "Appointment of Substitute Trustees" which removed Nea and Spicer as trustees and substituted PFC as trustee for the benefit of Chase.[1] (*See id.* at ¶ 21; *id.* at Exs. F, G.)

PFC allegedly foreclosed on the property on January 12, 2010. On or about January 22, 2010, Plaintiffs allegedly received a Notice of Eviction stating that the property had been sold at action to Federal National Mortgage Association ("Fannie Mae"). On January 28, 2010, Fannie Mae allegedly filed an unlawful detainer action against Plaintiffs in the Spotsylvania County General District Court. On April 7, 2010, the court allegedly "adjudicated that Fannie Mae had failed to show standing for the right to possession. Right to Possession was awarded to Danny R[.] and Jane L[.] Fisher." (Pl.'s Compl. ¶ 26.)

---

[1] Both instruments were dated November 9, 2009.

3

On or about July 15, 2010, Plaintiffs allegedly received from Chase a letter advising that Chase would be transferring the servicing of their home loan to IBM Lender Business Process Services, Inc. effective August 1, 2010. In Plaintiffs' view, "[t]his contradicts statements on [the] Trustee's Deed," by which all right title and interest were allegedly conveyed to Fannie Mae. (*Id.* at ¶ 29.)

Based on the foregoing, Plaintiffs filed this action in the Spotsylvania County Circuit Court on February 22, 2011. In Counts One and Two, Plaintiffs assert that the defendants lack standing to conduct a non-judicial foreclosure. In Count Three, Plaintiffs allege that the Notice they sent to Defendants in May 2009 constitutes an enforceable contract, which Defendants breached.[2] The Moving Defendants filed a Demurrer and Plea in Bar on March 22, 2011.

On March 31, 2011, Fannie Mae removed the action to this Court. Fannie Mae asserted that "[a]lthough Plaintiffs describe their [third] cause of action as one for 'breach of contract,' the substantive claims raised are founded upon TILA and are brought pursuant to TILA." (Notice Removal ¶ 8.) Accordingly, Fannie Mae contended that the action could originally have been brought in this Court under 28 U.S.C. § 1331.

The Moving Defendants filed the instant Motion to Dismiss on April 7, 2011.[3] Plaintiffs have responded, and the Moving Defendants have replied.[4] The matter is ripe for decision.

---

[2] Plaintiffs' Complaint does not explain *how* Defendants allegedly breached the contract—*e.g.*, by foreclosing, by failing to pay Plaintiffs' $150,000 demand, etc.
[3] The Moving Defendants' Motion to Dismiss parallels the Demurrer and Plea in Bar previously filed in the state court.

## II.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint . . . [I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

To survive a motion to dismiss, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). Mere labels and conclusions stating that the plaintiff is entitled to relief are not enough. *Id.* at 555, 127 S. Ct. at 1964–65. "[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

A complaint achieves facial plausibility when it contains sufficient factual allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588

---

[4] The Court reads Plaintiffs "Petition for Summary Judgment," as a response to the Motion to Dismiss.

F.3d at 193. The Court must assume plaintiff's well-pleaded factual allegations to be true and determine whether those allegations "plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950. In addition, the Court "may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 Fed. App'x 395, 396–97 (4th Cir. 2006) (per curiam).

With this standard in mind, the Court turns to Count Three of Plaintiffs' Complaint—the purported TILA claim which provides the sole basis for federal jurisdiction in this case.[5]

### III.

TILA regulates the relationship between lenders and borrowers to facilitate the "informed use of credit" by "assur[ing] a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him." 15 U.S.C. § 1601(a). Toward that end, TILA mandates that consumers who engage in a credit transaction using their primary dwelling as a security interest be given an unconditional three-day period in which to rescind the loan transaction and recover any monies paid to the creditor. *See* § 1635(a), (b). Following valid rescission, the borrower "is not liable for any finance or other charge," including application fees, "and any

---

[5] Mindful of the well-pleaded complaint rule, the Court hesitates to recast Plaintiffs' "breach of contract" claim as a TILA claim. A liberal construction of Count Three, however, which is required in light of Plaintiffs' *pro se* status, warrants the conclusion that Plaintiffs are attempting to allege a TILA violation.

security interest given by the obligor . . . becomes void." § 1635(b); *see also* 12 C.F.R. § 226.23(d)(1), (d)(2).

TILA and its implementing regulations require creditors to provide borrowers two copies of a notice of the right to rescind, which "clearly and conspicuously" discloses the borrower's right of rescission, the means by which to exercise that right, and the effects of rescission, amongst other "material disclosures." 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(b)(1). If a creditor fails to properly make the required disclosures, the borrower's right of rescission is extended from three days to three years. 15 U.S.C. § 1635(f).

In this case, Plaintiffs allege that "Lender has never provided . . . true, complete, accurate or timely documents as required" by TILA, and thus Plaintiffs' right of rescission was purportedly extended to three years. (Pl.'s Compl. Ex. D, at 2 (emphasis in original).) Plaintiffs' Complaint, however, is devoid of any factual allegations supporting this conclusory assertion. Indeed, Plaintiffs fail to identify any specific deficiency in or omission from the required disclosures. *Cf.* 12 C.F.R. § 226.23(b)(1) (detailing creditors' disclosure obligations). Plaintiffs' "naked assertion[] of wrongdoing," *Francis*, 588 F.3d at 193, is wholly insufficient under *Twombly* and *Iqbal*.[6]

---

[6] Although *pro se* complaints must be liberally construed, the Court need not attempt "to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). As Judge Wilkinson explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

7

Count Three will therefore be dismissed to the extent that it can be read as alleging a TILA violation.[7]

Having determined that the purported TILA claim in Count Three must be dismissed, it is readily apparent that federal jurisdiction is lacking over this case. The single jurisdictional hook permitting this case to be removed from the state court was that Count Three "arose under" TILA within the meaning of 28 U.S.C. § 1331. Absent the TILA claim, Plaintiffs are left only with state-law claims. Accordingly, the case will be remanded to the state court. *See Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 553 N.4 (4th Cir. 2006) (noting district court's wide discretion to dismiss supplemental state law claims after dismissing the federal claims).

## IV.

For the reasons stated above, Defendants' Motion to Dismiss will be granted in part; Count Three will be dismissed to the extent that it purports to state a TILA claim; and the case will be remanded to the Spotsylvania County Circuit Court.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: June 6, 2011
Richmond, VA

---

[7] This Court expresses no opinion on whether Count Three states a breach of contract claim based on the Notice itself, independent of TILA.

8